UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ALEX TRIA and JESUS TRIA, on behalf of themselves and all others similarly situated, | ) ) ) ) | C/A: ___2:20-cv-4462-RMG___ |
| Plaintiffs, | ) ) | **FLSA** |
| v. | ) ) | **COLLECTIVE ACTION** |
| | ) | **JURY TRIAL DEMANDED** |
| FUJI SUSHI BAR & GRILL OF SC, LLC, d/b/a FUJI SUSHI BAR & GRILL and QIN JIANG, INDIVIDUALLY, | ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs, Alex Tria ("Alex") and Jesus Tria ("Jesus"), on behalf of themselves and all others similarly situated, ("Plaintiffs"), complaining of the acts of Defendants Fuji Sushi Bar & Grill of SC, LLC d/b/a Fuji Sushi Bar & Grill ("Fuji"); and Qin Jiang ("Jiang"), individually, (Fuji and Jiang collectively "Defendants") allege as follows:

## **NATURE OF CLAIM**

1.     This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").  The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2.     This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA").  These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

Complaint
Tria v. Fuji Sushi Bar & Grill

## PARTIES, JURISDICTION, and VENUE

3.    Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4.    Alex is a citizen and resident of Berkeley County, South Carolina.

5.    Jesus is a citizen and resident of Berkeley County, North Carolina

6.    Fuji is a South Carolina limited liability company maintaining offices and agents in Charleston, South Carolina.  Fuji is an employer of individuals and operates a restaurant in Charleston County, South Carolina, doing business as Fuji Sushi Bar & Grill.

7.    Upon information and belief, Jiang is a citizen and resident of Charleston, South Carolina, and is an owner and/or member of Fuji, or otherwise is an individual who had the authority to establish the specific policies of wages of Plaintiffs while employed at the Fuji.

8.    Alex was employed at Fuji.  A substantial part of the events giving rise to these claims occurred in Charleston County.

9.    Jesus was employed at Fuji.  A substantial part of the events giving rise to these claims occurred in Charleston County.

10.    This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

11.    Plaintiffs brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals defined as follows:  nonexempt employees of Defendants at any time within the three (3) years prior to joining this lawsuit.

12.    Plaintiffs also bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows:  nonexempt employees of Defendants at any time within the three (3) years prior to the filing of this lawsuit.

Complaint
Tria v. Fuji Sushi Bar & Grill

13.     Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

     a.     The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

     b.     There are questions of law and/or fact common to the members of the proposed Plaintiff class;

     c.     The claims of Plaintiff are typical of the claims of the proposed Plaintiff class; and

     d.     Plaintiff will fairly and adequately protect the interests of the class.

14.     In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15.     Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

16.     Based upon the above, jurisdiction and venue are proper in this court and division.

17.     The work and pay records of Alex, Jesus, and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from

Complaint
Tria v. Fuji Sushi Bar & Grill

which the amount of Defendants' liability can be ascertained.  Plaintiffs request an order of this

Court requiring Defendants to preserve such records during the pendency of this action.

## FACTS

18.    Plaintiffs reallege each and every allegation contained in the above paragraphs as
if repeated here verbatim.

19.    Defendants own and / or operate Fuji.

20.    Defendant Jiang exercises operational control over Fuji. On information and belief,
Jiang is involved in the decisions to set the wages and pay for Plaintiffs, or he hired the individuals
to whom he delegated this authority, therefore, Jiang is individually liable to Plaintiffs.

21.    Alex was employed by Fuji from approximately May of 2017 through July of 2019
as a bartender, server, front-of-house manager, and host.

22.    Jesus was employed by Fuji from approximately 2015 through June of 2019 as a
head server, bartender, and host.

23.    Defendants paid Alex, Jesus, and on information and belief all Plaintiffs, an hourly
wage that varied depending on the position Plaintiffs worked.

### FOR A FIRST CAUSE OF ACTION
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

24.    Plaintiffs reallege each and every allegation contained in the above paragraphs as
if repeated here verbatim.

25.    At all times relevant to this Complaint, Defendants engaged in interstate commerce
or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

26.    At all times relevant to this Complaint, Defendants' annual gross volume of sales
made  or  business  done  was  not  less  than  Five  Hundred  Thousand  and  00/100  dollars

Complaint
Tria v. Fuji Sushi Bar & Grill

($500,000.00).  Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

27.    The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

28.    Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

29.    Defendants failed to pay Plaintiffs and all other similarly situated employees the proper amount for all hours worked over forty (40) hours in a workweek or overtime hours worked.

30.    Defendants have violated the FLSA, 29 U.S.C. § 207, by either a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of Plaintiffs.

31.    As such, Plaintiffs seek to recover from Defendants the following damages:

    a.    actual damages for a three-year period;

    b.    liquidated damages of an equal amount;

    c.    reasonable attorney's fees and costs and disbursements of this action; and

    d.    an order from this Court requiring Defendants to comply with the FLSA.

**FOR A SECOND CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

32.    Plaintiffs, on behalf of themselves and all similarly situated employees, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

33.    Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

34.    Defendants employed Plaintiffs and the members of the Plaintiffs' class within the

Complaint
Tria v. Fuji Sushi Bar & Grill

State of South Carolina.

35.    Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

36.    Plaintiffs agreed to work for Defendants and Defendants agreed to pay Plaintiffs the proper wages for all hours worked.

36.    Defendants failed to pay Plaintiffs the wages they had promised.

37.    SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

38.    Pursuant to the SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law or written authorization.

39.    Defendants actions were willful, and Defendants have no bona fide reason why they took this action.

40.    Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorney's fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

a.    An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have yet

Complaint
Tria v. Fuji Sushi Bar & Grill

"opted-in," under the FLSA;

    b.    An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

    c.    For Plaintiffs, under the first and second causes of actions:

        i.    actual damages in an amount to be determined;

        ii.    liquidated damages of an equal amount;

    d.    An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

    e.    Actual damages in the amount of wages due under SCPWA;

    f.    Treble damages pursuant to SCPWA;

    g.    Reasonable attorney's fees and costs;

    h.    Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

    i.    Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

*(Signature page to follow.)*

Complaint
Tria v. Fuji Sushi Bar & Grill

s/Bruce E. Miller
Bruce E. Miller, Esq. (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR PLAINTIFFS**

CHARLESTON, SC

December 23, 2020