# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Alex Tria and Jesus Tria, on behalf of themselves and all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> Fuji Sushi Bar & Grill of SC, LLC, d/b/a/ Fuji Sushi Bar & Grill, and Qin Jiang, individually, </br></br> Defendants. | Civil Action No. 2:20-4462-RMG </br></br> **ORDER AND OPINION** |

Before the Court is Defendants' motion for reconsideration, (Dkt. Nos. 16, 18). Plaintiff opposes. (Dkt. No. 17). For the reasons set forth below, Defendants' motion is denied.

On April 22, 2021, the Court granted Plaintiff's motion for an extension of time to serve their original complaint and denied without prejudice Defendants' motion to dismiss for insufficient service. (Dkt. No. 13).

Defendants now move the Court to reconsider its prior order and opinion. Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments ... at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Career Counseling, Inc. d/b/a Snelling Staffing Servs., a S.C. corporation, individually & as the representative of a class of similarly situated persons, Plaintiff, v. Amerifactors Fin. Grp., LLC, & John Does 1-5, Defendants.*, No. 3:16-CV-03013-JMC, 2021 WL 1345627, at *4 (D.S.C. Apr. 12,

2021) (internal quotation marks omitted). Thus, "district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance." *Id.* Hence, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010).

Defendants have not identified any change in controlling law. As to "new evidence," Defendants argue that the Court wrongly found Defendants had notice of the lawsuit because the "settlement checks" referenced in the Court's prior order did not actually relate to this litigation, but to a separate Department of Labor Audit.[1] This new "evidence," however, is ultimately irrelevant. In its order and opinion, the Court also found "that good cause for the failure of service is satisfied by counsel's representations regarding his good faith error regarding service within the initial ninety-day deadline." (Dkt. No. 13 at 1-2) (observing "Plaintiffs' counsel asserts that Defendants were not properly served within the ninety-day deadline proscribed by Rule 4 as an oversight that arose from himself and his paralegal being out of the office while recovering from the COVID-19 virus."). Further, and as also noted previously, Rule 4(m) does not even require the Court to undertake a "good cause" inquiry in extending the time to serve a complaint. *See* (*Id.*);

---

[1] *See* Order and Opinion, (Dkt. No. 13 at 2) ("Plaintiffs' counsel asserts that Defendant Fuji sent Plaintiffs a proposed settlement agreement and payment, which evidences that Defendants have been notified that a lawsuit was filed. Having found that this prevailing purpose of Rule 4 is satisfied, the Court hereby orders that service of the complaint be made within sixty (60) days from the date of this Order."); (Dkt. No. 16 at 4) (arguing that the proposed settlement agreement did not relate to this matter); (Dkt. No. 16-1) (attaching copies of said checks to that effect); (Dkt. No. 17 at 3) (admitting said checks were not related to this lawsuit but explaining that "[a]t the time of filing [of Plaintiffs' motion for extension of time], neither the Settlement Agreement nor the checks had been received by Plaintiffs' attorney. An assumption was made that Fuji knew of this lawsuit and was trying to resolve it").

*Robinson v. G D C, Inc.,* 193 F. Supp. 3d 577, 581 (E.D. Va. 2016) (*"*As Rule 4(m)'s plain language makes clear, the presence of 'good cause' for the failure to serve process on time renders mandatory a district court's extension of time to serve process. Yet, the portion of Rule 4(m) permitting a district court to 'order that service be made within a specified time' is in no way connected to any good cause requirement. Thus, Rule 4(m) unambiguously permits an extension of time to serve process regardless whether a plaintiff can show good cause for delay."). And as to Defendants' contention that "excusable neglect" does not exist under Fed. R. Civ. P. 6(b) as to Plaintiffs' motion for extension of time, the Court finds the argument meritless as there has been no showing, *inter alia*, of bad faith on Plaintiffs' part and the delay here was relatively short— namely sixteen days. *See Gordon v. TBC Retail Grp., Inc.,* No. 2:14-CV-03365-DCN, 2020 WL 5877065, at *1 (D.S.C. Oct. 2, 2020) (noting excusable neglect under Fed. R. Civ. P. 6(b) *"*may encompass delays caused by inadvertence, mistake or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit" ) (*citing LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995)).

In sum, there is no basis to reconsider the Court's prior order and opinion granting Plaintiffs an extension to serve the complaint and denying Defendants' motion to dismiss. The Court **DENIES** the motion for reconsideration. (Dkt. No. 16).

    **AND IT IS SO ORDERED.**

                                                      s/ Richard Mark Gergel
                                                      Richard Mark Gergel
                                                      United States District Judge

June 28, 2021
Charleston, South Carolina