UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ALEX TRIA and JESUS TRIA,<br>on behalf of themselves and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FUJI SUSHI BAR & GRILL OF SC, LLC,<br>d/b/a FUJI SUSHI BAR & GRILL and<br>QIN JIANG, INDIVIDUALLY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A: 2:20-cv-4462-RMG<br><br><br>**JOINT MOTION<br>FOR APPROVAL OF<br>FAIR LABOR STANDARDS ACT<br>SETTLEMENT** |

Alex Tria and Jesus Tria (jointly "Plaintiffs"), through their undersigned counsel, and Fuji Sushi Bar & Grill of SC, LLC d/b/a Fuji Sushi Bar & Grill ("Fuji"); and Qin Jiang, individually ("Jiang"), (Fuji and Jiang jointly "Defendants"), through their undersigned counsel (Plaintiffs and Defendants jointly "Parties"), hereby jointly move this Court for approval of a Settlement Agreement, attached as **Exhibit A**, reached by the Parties to this action to settle the causes of action pleaded by the Plaintiffs in this case.

1.      Filed December 23, 2020, this case was brought by Plaintiffs, claiming that Defendants had violated the Fair Labor Standards Act ("FLSA") and the South Carolina Payment of Wages Act ("SCPWA") by allegedly failing to pay Plaintiffs a minimum wage and overtime to which they were allegedly entitled.

2.      Defendants have denied, and continue to deny, all allegations and asserted that they have at all times complied with the FLSA and the SCPWA.

3.      No scheduling order has been filed for this matter.

4.      In lieu of a formal discovery process, Parties reached an agreement to exchange information amicably in an effort to resolve this matter without costly litigation.  Defendants

Joint Motion for Approval of Fair Labor Standards Act Settlement
C/A: 2:20-cv-4462-RMG

produced business records relating to both the alleged liability and potential damages for Plaintiff to analyze.

5.    On December 17, 2021, following negotiations, the Parties came to a Settlement Agreement in principle.  A copy of the Parties' Settlement Agreement and Release is attached hereto as **Exhibit A**.

6.    It is well settled in this District that court approval is required of all FLSA claims where the plaintiffs have agreed to waive any and all prior claims under the Act.  *See Taylor v. Progress Energy, Inc.*, 493 F.3d 454,460 (4th Cir. 2007); *Salvo v. SSWNN Corp.,* No. 2:17-1266-RMG, 2019 U.S. Dist. LEXIS 12661 (D.S.C. Jan. 25, 2019); *Caskie v. Nason Medical Center*, LLC, No. 2:14-cv-03768-DCN (D.S.C. June 8, 2016) (ECF No. 67); *DeWitt v. Darlington Cty. S.C.*, No. 4:11-CV-00740, 2013 WL 6408371, at *3 (D.S.C. Dec. 6, 2013).

7.    In considering a motion to approve the settlement of a FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927 F.2d 155, 158 (4th Cir. 1991); *Flinn v. FMC Corp.,* 528 F.2d 1169,1173 (4th Cir. 1975); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

8.    On balance, the above factors weigh in favor of the Court's approval of the Parties' settlement.  The Parties have engaged in producing and analyzing all of the business records relating to the merits of the case and potential damages that have been incurred.  Thus, the record has been developed to an extent that both parties were informed of the Plaintiffs' claims, the

Joint Motion for Approval of Fair Labor Standards Act Settlement
C/A: 2:20-cv-4462-RMG

Defendant's defenses and the potential liability.

9.      There is no evidence of fraud or collusion on the part of the Parties or their counsel in this case.  The proposed Settlement Agreement is the product of arms-length negotiations that took place periodically over several months' time.

10.      The attorney who represents the Plaintiffs is an experienced employment attorney whose practice is devoted to employment law.  He has litigated many other FLSA cases for many years and is thus able to competently evaluate the merits of the Plaintiffs' claims.  **Exhibit B – Declaration of Bruce E. Miller.**

11.      Through review of the business records produced in this matter, both Parties have had the opportunity to assess and calculate the potential damages in this case.  Although Plaintiffs and their counsel believe that their case has significant merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any possible appeals. Consequently, Plaintiffs believe that the settlement reached is fair, reasonable and adequate and is in their best interests. Similarly, while the Defendants contend that they paid their employees in conformity with the FLSA and SCPWA and believe that the Plaintiffs' case lacks merit, they acknowledge the uncertain outcome and risk of the case and believe that further, protracted litigation is contrary to their best interests. Defendants believe that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing their own further expenses.

12.      The amounts to be paid to the Plaintiffs represent a full sum of the hours Plaintiffs worked while Defendants claimed a Tip Credit (Actual Damages); an equal amount of Liquidated Damages; and a reasonable sum to be paid for attorney's fees and costs.  **Exhibit B**. Defendants do not oppose Plaintiffs' request for fees and costs.

          The Parties believe the settlement reached and agreed upon to be fair and reasonable.

Joint Motion for Approval of Fair Labor Standards Act Settlement
C/A: 2:20-cv-4462-RMG

Based on the foregoing, the Parties hereby move for a Court Order approving the Settlement

Agreement reached by the Parties.

**WE SO MOVE:**                              **WE SO MOVE:**

s/Bruce E. Miller                            s/Melissa F. Spence
Bruce E. Miller, Esq. (Fed ID 3393)          Melissa F. Spence, Esq. (Fed ID 11194)
BRUCE E. MILLER, P.A.                         Joel A. Berly, IV., Esq. (Fed ID 13101)
147 Wappoo Creek Drive, Suite 603            BUTLER SNOW, LLP
Charleston, SC  29412                        25 Calhoun Street, Ste. 250
T: 843.579.7373                              Charleston, SC 29401
F: 843.614.6417                              T: 843.277.3700
bmiller@brucemillerlaw.com                   F: 843.277.3701
                                             Melissa.Spence@butlersnow.com
                                             Jay.Berly@butlersnow.com

ATTORNEY FOR PLAINTIFFS                       ATTORNEYS FOR DEFENDANTS

Date:   January 7, 2022                       Date:   January 7, 2022